## Commonwealth v. L. & N. R. R. Co.

(Decided May 5, 1911.)

### Appeal from Rockcastle Circuit Court.

Railroads—Failure to Block Frogs—Under a statute imposing a penalty on a railroad company for failing to block a frog it can not be punished for failing to block a guard rail, though curved out at the ends leaving a space where a block might be placed.

JAMES BREATHITT, Attorney General and T. B. McGREGOR, Assistant Attorney General for appellant.

BENJAMIN D. WARFIELD and CHAS. H. MOORMAN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Affirming.

Section 780, Kentucky Statutes, regulating railroad companies is as follows:

"Before the first day of January, 1894, every company shall adjust, fix or block the frogs on its tracks to prevent the feet of its employes from being caught therein."

Section 793, Kentucky Statutes, provides a penalty of not less than $100 nor more than $500, for a violation of the statute. The Louisville & Nashville Railroad Company was indicted in the Rockcastle Circuit Court for failing to block a certain frog on its line of railroad in Livingston, Kentucky. It pleaded not guilty. The case coming on for trial before a jury, H. J. McClure, who was introduced as a witness for the Commonwealth, stated that a frog is put in where a siding leaves the main track. The purpose of it is to connect the siding with the main tract so that cars may be run on the siding when needed. A guard rail is put on the inside of the opposite rail to keep the wheels on the track, the phlange of the wheel fitting down into the space between the guard rail and the main rail. There was a block in the frog but there was no block in the guard rail. The guard rail at the ends is turned out a little to keep the phlange from striking it, and there were no blocks here. He also testified that a guard rail is necessary at the

frog as it holds the cars on and prevents them from leaving the track as they pass over the frog. It was only the guard rail that was unblocked. The only other witness introduced by the Commonwealth was J. S. Langford, who testified that a wooden block of triangular shape fifteen or twenty inches long is put in the heel of the frog, the reason for this being that the brakeman is liable if the space is not filled to get his foot caught in it when making switches. He said that the guard rail was not the frog; the court then asked him this question: "Q. Is that space in there between the guard rail and the main rail called a frog?" "A. No, sir." This being all the evidence offered by the Commonwealth, the court instructed the jury peremptorily to find the defendant not guilty; and the indictment having been dismissed, the Commonwealth appeals.

The frog is so called from its shape as originally made. The guard rail to keep the wheel from slipping off the other rail while it is passing over the frog, is in no sense a part of the frog. The guard rail is put there to keep the wheel on the track. Guard rails are in common use along railroads. The statute was not aimed to secure the blocking of guard rails. It mentions only frogs and it would be an undue extension of the statute to interpret it as including guard rails; for they are used not only at frogs but at other places. In Southern Pac. Co. v. Seley, 152 U. S., 151, the United States Supreme Court said:

"A frog in railroad parlance, is a section of a rail, or of several rails combined, at a point where two railways cross, or at the point of a switch from a line to a siding or to another line and its function is to enable a car or train to be turned from one track to another. In a blocked frog the point of space between the rails, at the point where the car is switched from one track to another, is filled with wood or other material, so that the foot will not be held. There is a form of cast iron frog, in which the space between the rails at the apex of the frog is filled with cast iron."

The purpose of our statute is to require the point of space at the apex of the frog to be filled so that a man's foot will not be caught and held. In the new Webster's Dictionary, a frog is thus defined:

"A device now usually made of several rail sections secured to a plate or bolted together through distance pieces forming a connection of one track with another branching from or crossing it. There are many special forms."

It must be presumed that the Legislature used the word "frog" in its recognized sense. While it is true that there must be a guard rail at a frog, there must also be main rails, but the guard rail is no more a part of the frog than the opposite main rail.

Judgment affirmed.